IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY PHILLIPS,

        Plaintiff,        Civil No. 07-161-AA

        v.               ORDER

MAX WILLIAMS, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his state and federal constitutional rights by using excessive force during an interview on November 27, 2006. Complaint (#2), p. 3.

    Defendants have filed an Unenumerated Rule 12B Motion to Dismiss (#37) on the ground that plaintiff has not exhausted his administrative remedies.

1 - ORDER

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing an action under 42 U.S.C. § 1983.  <u>Porter v. Nussle</u>, 534 U.S. 516, 531-32 (2002);<u>Booth v. Churner</u>, 532 U.S. 731 (2001); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); and <u>McKinney v. Carely</u>, 311 F.3d 1198 (9th Cir. 2002).

The Oregon Department of Corrections has a grievance system to address inmate complaints. <u>See</u>, Defendants' Exhibit 101, Attachment 1, p. 8-14 (OAR 291-109-0100 through 291-109-0190)[effective 11/06]. According to the rules in effect at the time of the alleged incident giving rise to plaintiff's claim in this action, an inmate could grieve "unprofessional behavior or action" ... directed toward an inmate by an employee or volunteer of the Department of Corrections." OAR 291-109-0140(2)(c).  The initial grievance is to be submitted to the functional unit grievance coordinator within 30 days of the date of the incident giving rise to the grievance.  OAR 291-109-0150(1) and (2).

An inmate may appeal an initial grievance response using the grievance appeal form (CD 117(c) by submitting the appeal to the grievance coordinator who then forwards it to the "functional unit manager having authority to review and resolve the issue."  OAR 291-109-0170(1)(a) [First Appeal

2 - ORDER

Process].

An inmate may appeal the functional Unit Manager's decision to the Assistant Director whose decision on the inmates grievance is final and not subject to further review. OAR 291-109-0170(2) [Second Appeal Process].

In this case, plaintiff filed a grievance relating to the alleged incident giving rise to his claims in this action. Defendants' Exhibit 101, Nelson Affidavit, paragraph 14, Attachment 3. The grievance was assigned a grievance # G06-12-39 and forwarded for investigation Id. The affidavit of Alicia Nelson states that the grievance was assigned to "Captain Iverson," who investigated the claim.[1] The investigating officer responded to the grievance by reported that his investigation revealed that plaintiff's allegations were unfounded. Id., paragraph 15. Plaintiff did not appeal the response. Id., paragraph 16.

Plaintiff contends that he did appeal the grievance. See, plaintiff's Response (#54). However, plaintiff has not submitted any evidence that he did so or submitted a copy of the decision of that appeal. Moreover, plaintiff does not allege that he completed the second level of administrative review, as required by OAR 291-109-0170(2).

---

[1] However, the response to plaintiff's grievance #G06-12-39 indicates that it is from "Captain Lytle." This apparent error or inconsistency is immaterial. The exhibits speak for themselves.

3 - ORDER

The PLRA requires that inmates exhaust *all* grievance remedies in accordance with the applicable institution's procedural rules prior to filing a § 1983 lawsuit, including appealing the grievance decision to the highest level within the grievance system. See, Jones v. Bock, 127 S.Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

Plaintiff has not established that he completed the grievance process or controverted defendants' evidence that he did not. Accordingly, Defendants' motion to dismiss plaintiff's claim under 42 U.S.C. § 1983 is allowed.

Plaintiff also alleges that defendants' conduct violated his rights under the Oregon Constitution. Assuming *arguendo* that plaintiff could bring a claim for damages under the Oregon Constitution[2] or that plaintiff has sufficiently alleged a cause of action under Oregon law, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary

---

[2]See, Hunter v. City of Eugene, 309 Or. 298, 787 P.2d 881 (1990).

4 - ORDER

circumstances" justify their retention. <u>Wren v. Sletten Const. Co.</u>, 654 F.2d 529, 536 (9th Cir. 1991); <u>Wentzka v. Gellman</u>, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. <u>Brady v. Brown</u>, 51 F.3d 810 (9th Cir. 1995).

In this case there are no "extraordinary circumstances" that justify the retention of plaintiff's state law claims, if any.

Based on all of the foregoing, defendants' Unenumerated Rule 12B Motion to Dismiss (#33) is allowed. Plaintiff's Motion for Summary Judgment (#46) is denied. This action is dismissed.

IT IS SO ORDERED

DATED this   20   day of November, 2007.

                                    /s/ Ann Aiken
                                   Ann Aiken
                                   United States District Judge